915 So.2d 883 (2005)
Mary Alice Ruiz THIBAUT
v.
Charles Allen THIBAUT.
No. 2004 CA 0782.
Court of Appeal of Louisiana, First Circuit.
May 6, 2005.
*884 G. Bruce Kuehne, Baton Rouge, for Plaintiff-Appellant Mary Alice Ruiz Thibaut.
Thomas A. Nelson, New Roads, for Defendant-Appellee Charles Allen Thibaut.
Before: CARTER, C.J., PETTIGREW, and McDONALD, JJ.
PETTIGREW, J.
In this case, plaintiff used her separate funds to satisfy a mortgage debt that she and defendant had incurred, in solido, in favor of Peoples Bank. The trial court found that by operation of law, plaintiff became subrogated to the rights of Peoples Bank and ordered that defendant, as a co-owner in indivision, reimburse plaintiff for one half of the amount paid on the debt. The court denied plaintiff's claim that she was entitled to receive interest as provided in the mortgage debt documents. Plaintiff appealed. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
In May 1989, plaintiff, Mary Alice Ruiz Thibaut, and defendant, Charles Allen Thibaut, purchased property in Pointe Coupee Parish in indivision for a total purchase price of $46,000.00. They were not married at the time. Mrs. Thibaut's mother, Dorothy Ruiz, made a down payment of $10,000.00 as a gift to her daughter. The Thibauts borrowed the remainder of the purchase price from Peoples Bank. They signed a promissory note in solido in favor of Peoples Bank for $36,495.50 and signed a "Collateral Pledge Agreement" and a "Collateral Mortgage" giving Peoples Bank a mortgage on the property. Because they did not have adequate credit at the time, Mrs. Ruiz co-signed the loan, executing a continuing guaranty in favor of Peoples Bank.
According to the record, Mr. Thibaut paid the $466.31 monthly mortgage note out of his separate funds from June to October 1989. The parties married in November 1989. Thereafter, the couple paid the monthly mortgage payments out of community funds through September 1993.
Mrs. Ruiz died in 1992. In her last will and testament, Mrs. Ruiz left all of her property, in equal shares, to her four children and named Mrs. Thibaut as executrix of the succession. On October 23, 1992, Mrs. Thibaut, in her role as executrix of *885 her mother's estate, paid off the outstanding balance of the mortgage debt owed to Peoples Bank, $33,931.34, reducing her share of her mother's estate by the same amount.
Thereafter, on September 27, 2000, Mr. and Mrs. Thibaut were judicially divorced. Following the divorce, the parties were unable to agree upon a non-judicial partition of the property in question, prompting Mr. Thibaut to file a suit to partition the property by licitation. Mrs. Thibaut answered the petition for partition, agreeing that it was "necessary to sell the property judicially and effect a division of the net proceeds of such sale." In addition, she filed a reconventional demand seeking an "accounting for the money each party paid out of their respective separate funds, upon the initial acquisition of such property" and reimbursement of one-half of the amount she paid from her separate funds to satisfy the mortgage debt in 1992. Moreover, Mrs. Thibaut alleged that by paying the debt that she and Mr. Thibaut were solidarily liable for, she became subrogated to the interest rate enjoyed by Peoples Bank and that interest continued to accrue on the debt from the date of payment.
The matter proceeded to a bench trial on May 9, 2004, at which time the court accepted various documents into evidence and heard testimony from the parties and Mrs. Thibaut's older brother, James Roland Ruiz, Jr., about various transactions surrounding the property in question. The court took the matter under advisement, allowing the parties to submit post-trial memorandums. Thereafter, on June 27, 2003, the court issued written reasons for judgment, finding that by satisfying the mortgage debt at Peoples Bank, Mrs. Thibaut became subrogated, by operation of law, to the rights of Peoples Bank. The court concluded as follows:
This Court further finds that Mrs. Thibaut is entitled to reimbursement of one-half of the down payment on the property. Mrs. Thibaut's mother made the down payment of 10,000 dollars. This payment was a gift to Mrs. Thibaut from her mother. As such, the down payment was made with the separate funds of Mrs. Thibaut, and reimbursement is due.
This Court further finds that Mrs. Thibaut is subrogated to the rights of the original obligee (Peoples Bank) with regard to the pay-off of $33,931.34 made by Mrs. Thibaut. Louisiana Civil Code Article 1829(3) explicitly states in pertinent part that:
Subrogation takes place by operation of law:
(3) In favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment;
Mrs. Thibaut was bound solidarily with Mr. Thibaut for the purchase of the property at issue. Therefore, when she used her separate funds to pay the debt that she owed with another, in this case with Mr. Thibaut, subrogation by operation of law took place.
Louisiana Civil Code Article 1830 states:
When subrogation takes place by operation of law, the new obligee may recover from the obligor only to the extent of the performance rendered to the original obligee. The new obligee may not recover more by invoking conventional subrogation.
This Court further finds that Mrs. Thibaut is only entitled to recover to the extent to which she rendered performance. And in this case, she rendered a pay-off in the amount of $33,931.34. Therefore, being classified as a co-owner *886 in indivision she is entitled to reimbursement of one half the amount paid.
The Court further finds that Mrs. Thibaut is not entitled to interest as provided in the mortgage debt from the date of payment because Article 1830 clearly states that the new obligee is only entitled to recover to the extent of the performance rendered.
This Court further finds that Mr. Thibaut is entitled to reimbursement of one-half the amount of the payments that he made during the months of June, July, August, September, and October of 1989.
The court signed a judgment in accordance with these findings on September 18, 2003, partitioning the property in question by licitation, ordering that the property be sold at public auction, ordering that Mrs. Thibaut be reimbursed the sum of $21,965.67 with interest from date of judicial demand from Mr. Thibaut's share of the proceeds from the sale of the property, and ordering that Mr. Thibaut be reimbursed the sum of $1,165.78 from Mrs. Thibaut's share of the proceeds from the sale of the property. Mrs. Thibaut filed a "Motion For Partial Reconsideration" urging the court to "reconsider that portion of its Written Reasons for Judgment which [denied her] interest on the debt she paid to Peoples Bank, at the rate provided in those debt instruments, and which also failed to acknowledge that she has a valid mortgage interest on the property, to secure such debt." The trial court denied the motion, rendering final judgment on November 21, 2003, including the same language that was contained in the September 18, 2003 judgment previously rendered by the court.
It is from this judgment that Mrs. Thibaut has appealed, assigning the following specification of error:
Having correctly found that, when Mary Thibaut satisfied a debt the parties owed to Peoples Bank in solido, Mary Thibaut became subrogated to the rights of Peoples Bank against Charles Thibaut, the Trial Court erred in failing to hold that Mary Thibaut was subrogated to the "action and security of the original obligee", which included the continued accrual of interest, at the interest rate, and secured by the mortgage, specified in the mortgage debt documents.

DISCUSSION
On appeal, Mrs. Thibaut argues that she is entitled to the same security interest in the property as was formerly owned by Peoples Bank. Citing La. Civ.Code art. 1826, Mrs. Thibaut contends that by paying the debt of another, she became subrogated to the rights of the original creditor, Peoples Bank, and is "entitled to the `action and security of the original obligee.'" Mrs. Thibaut's reliance on this article is misplaced. Article 1826(A) provides as follows: "When subrogation results from a person's performance of the obligation of another, that obligation subsists in favor of the person who performed it who may avail himself of the action and security of the original obligee against the obligor, but is extinguished for the original obligee." This article has no application in the instant case. The debt Mrs. Thibaut satisfied was not the "obligation of another" but an obligation that she and Mr. Thibaut had incurred in solido. Thus, there is no merit to Mrs. Thibaut's argument that Article 1826 operates to afford her the same rights that Peoples Bank had on the original mortgage debt.
Mrs. Thibaut further asserts the trial court incorrectly applied La. Civ.Code art. 1830 to limit her recovery to the extent of the performance rendered. Noting *887 that interest is a civil fruit that is part of the contract, Mrs. Thibaut maintains that Article 1830 does not operate to "deprive [her] of the benefit of the contract rights of [Peoples Bank] (including the right to receive interest at the rate stated in the contract and the right to a mortgage), but merely limits the principal amount recovered to the amount [she] actually paid to satisfy the debt." Based on our thorough review of the record and applicable law, we disagree with Mrs. Thibaut's arguments regarding Article 1830.
Subrogation is the substitution of one person to the rights of another. It may be conventional or legal. La. Civ.Code art. 1825. Pursuant to La. Civ.Code art. 1829(3), subrogation takes place by operation of law "[i]n favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment." However, as set forth in La. Civ.Code art. 1830, when there is legal subrogation, "the new obligee may recover from the obligor only to the extent of the performance rendered to the original obligee."
With regard to solidary obligations, La. Civ.Code art. 1794 provides that an obligation is solidary among debtors when they are obliged to do the same thing, so that either may be compelled to perform the whole obligation, and payment by one exonerates the other. Moreover, with regard to liability of solidary obligors, La. Civ.Code art. 1804 provides as follows: "A solidary obligor who has rendered the whole performance, though subrogated to the right of the obligee, may claim from the other obligors no more than the virile portion of each."
In the instant case, when Mrs. Thibaut satisfied the mortgage debt with Peoples Bank, a debt that she and Mr. Thibaut had incurred in solido, she became legally subrogated to the rights of Peoples Bank as against Mr. Thibaut. However, as correctly set forth by the trial court below, Mrs. Thibaut could only "recover to the extent to which she rendered performance." Moreover, pursuant to Article 1804, as a solidary obligor who rendered the whole performance, Mrs. Thibaut, although subrogated to the rights of Peoples Bank, may claim no more than her virile portion from Mr. Thibaut; i.e., one-half of $33,931.34, the amount she paid to Peoples Bank.

CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the trial court in all respects and assess all costs associated with this appeal against plaintiff-appellant, Mrs. Thibaut.
AFFIRMED.